**SO ORDERED.**

**SIGNED this 21 day of May, 2010.**

_____

**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:**

| | |
|---|---|
| **STEPHEN EMORY** | **CHAPTER 13** |
| **WANDA EMORY,** | **CASE NO. 10-01205-8-RDD** |
| **DEBTORS** | |

**ORDER DENYING MOTION TO SET ASIDE DISMISSAL**

Pending before the Court is the Motion to Set Aside Dismissal (the "Motion") filed by Wanda Emory and Stephen Emory (the "Debtors").

The Motion requests that the Court set aside its April 6, 2010 order dismissing the debtors' case under 11 U.S.C. § 521(i).

11 U.S.C. § 521(i) provides, in pertinent part:

[I]f a debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

In this case, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 17, 2010. On February 18, 2010, the Court issued a Deficiency Notice informing the Debtors and their attorney that Schedules A-H, Schedule I with Item 17, Schedule J with Item 19,

the Statement of Financial Affairs, the Statement of Current Monthly Income, and the Disposable Income Calculation Sheet were not included with their filing. The Deficiency Notice stated that all deficiencies should be corrected by March 3, 2010 and that failure to correct such deficiencies may result in the dismissal of the case. The Deficiency Notice provided that the case was subject to automatic dismissal on April 5, 2010.

As a result of the Debtors' failure to timely file the required documents as set forth in the Deficiency Notice, the case was dismissed on April 6, 2010 at 3:45 p.m. Subsequently on April 12, 2010, the Debtors filed the instant motion requesting that the dismissal be set aside.

Based on the fact that the Debtors neither timely cured the deficiencies nor timely filed a motion within the initial 45 day period requesting to extend the initial deadline pursuant to 11 U.S.C. § 521(i)(3), the Court finds that the automatic dismissal provision set forth in 11 U.S.C. § 521(i) requires dismissal of the Debtors' case. Consequently, the Motion to Set Aside the Dismissal is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**